POWELL *v.* FRALEY, executor.

Where an action was brought against a partnership composed of
two persons, and against each of them individually, on a prom-
issory note upon which there was an entry of a payment made
after the note had become barred by the statute of limitations,
which entry was signed by one of the partners, the petition, in
effect, also declaring upon the new promise evidenced by such
entry, there was no error, so far at least as this defendant was
concerned, in striking a plea alleging that he made the entry in
question in consideration of a verbal agreement that he was to
be liable for only one half of the amount of the note; nor was
any error committed in rejecting parol evidence offered in sup-
port of this plea.

April 27, 1896. Argued at the last term.

Complaint on note.     Before Judge Reese.     Hancock
superior court.     February term, 1895.

*T. M. Hunt* and *J. A. Harley,* for plaintiff in error.
*Robert H. Lewis,* contra.

LUMPKIN, Justice.

This was an action upon a promissory note, brought by
the executor of William Fraley against L. Powell & Co.,
a partnership composed of L. Powell and L. G. Morris,
and against each member of the partnership individually.
It was not denied that at the time of the execution of
the note it was a valid debt of the partnership, and conse-
quently each member was originally liable for its payment.
The note became, however, barred by the statute of limita-
tions.     Thereafter, a payment was made upon it by Powell,
and an entry of this fact was made upon the note and signed
by him, all of which appears from the allegations of the
petition.     The effect of this entry undoubtedly was to con-
stitute a new promise on the part of Powell to pay the
entire amount which remained due upon the note; and
therefore the court did not err in striking a plea which
alleged that he made this entry in consideration of a verbal
agreement that he was to be held liable only for one half

of the amount due thereon, nor in refusing to admit parol evidence in support of such plea.     Making and signing the entry on the note was, in law, an unconditional promise on the part of Powell to pay the whole debt evidenced by the note; and if anything is settled, it is that a contract of this kind cannot be altered or explained away by parol evidence.                         *Judgment affirmed.*